EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2021 TSPR 89 |
| Wilma A. Malavé Haddock | 207 DPR _____ |

Número del Caso: TS-15,501

Fecha: 28 de junio de 2021

Materia: La suspensión será efectiva el 30 de junio de 2021, fecha en que se le notificó a la abogada de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Wilma A. Malavé Haddock   TS-15,501

PER CURIAM

En San Juan, Puerto Rico, a 28 de junio de 2021.

Una vez más, nos vemos obligados a ejercer nuestro poder disciplinario para suspender a una abogada del ejercicio de la abogacía por el reiterado incumplimiento a las órdenes de este Tribunal, así como a los requerimientos de la Oficina del Procurador General (OPG) y de la Oficina de Inspección de Notarías (ODIN).

En consideración de la conducta que reseñamos a continuación, suspendemos inmediata e indefinidamente a la Lcda. Wilma A. Malavé Haddock (licenciada Malavé Haddock o letrada) del ejercicio de la abogacía y la referimos a un procedimiento de desacato civil.

**I**

La licenciada Malavé Haddock fue admitida al ejercicio de la abogacía el 23 de agosto del 2005 y a la práctica de la notaría el 27 de junio de 2006. Mediante Opinión <u>Per Curiam</u>, el 9 de febrero de 2021, decretamos su suspensión inmediata del ejercicio de la notaría debido al

incumplimiento craso con la ley notarial y por su desatención a los requerimientos de la ODIN.[1] In re Malavé Haddock, 2021 TSPR 15. Como resultado, le concedimos un término de sesenta (60) días naturales para subsanar las deficiencias arancelarias y sustantivas de la obra protocolar. Además, le advertimos que su incumplimiento con la corrección dentro del término provisto podía conllevar sanciones ulteriores, incluyendo la suspensión indefinida del ejercicio de la abogacía y el referido al Tribunal de Primera Instancia por desacato civil.

Debido a su inacción, el 11 de mayo de 2021, la ODIN compareció y nos informó que la licenciada Malavé Haddock se encontraba en incumplimiento. Particularmente, detalló que la licenciada Malavé Haddock no había cooperado ni atendido lo ordenado por este Tribunal en la Opinión Per Curiam. Por consiguiente, la ODIN recomendó que evaluáramos la imposición de medidas disciplinarias, así como referir el incumplimiento al Tribunal de Primera Instancia para el inicio del correspondiente proceso de desacato civil.

Ahora bien, tal incumplimiento no es el único provocado por la licenciada Malavé Haddock. A continuación, detallamos el resto de los incumplimientos relacionados con las quejas presentadas en su contra y que obran en el expediente personal de la letrada. Veamos.

---

[1] Ley Notarial de Puerto Rico, Ley Núm. 75 de 2 de julio de 1987, 4 LPRA secs. 2001-2142 (Ley Notarial).

## 1. AB-2021-0034

En el 2014, la Sra. María V. Gutiérrez Sierra (señora Gutiérrez Sierra), en conjunto con su madre, contrataron a la licenciada Malavé Haddock para realizar una declaratoria de herederos. La promovente destacó que, a pesar de que se le entregaron mil dólares ($1,000) para la preparación de la declaratoria, así como mil quinientos dólares ($1,500) por realizar un testamento, han transcurrido más de cinco (5) años sin que la letrada haya completado lo solicitado. Arguyó que, durante este tiempo, se han reunido en múltiples ocasiones, pero que, luego de una reunión en el 2019, perdió toda comunicación con la licenciada Malavé Haddock.

La señora Gutiérrez Sierra señaló que llamó y visitó la oficina de la letrada en múltiples ocasiones. También, expresó que visitó la residencia de los padres de la licenciada Malavé Haddock y que éstos le proveyeron un número telefónico alterno, mas tampoco obtuvo respuesta. Todas las gestiones realizadas para contactar a la letrada fueron infructuosas. Por tal razón, la señora Gutiérrez Sierra presentó una queja en la que nos solicita la suspensión de la licenciada Malavé Haddock y que le ordenemos la devolución de los documentos y los honorarios por el trabajo que no realizó.

En consecuencia, el 26 de abril de 2021, este Tribunal le concedió a la letrada un primer término de diez (10) días para que presentara su contestación a la queja. Dada su incomparecencia, posteriormente, específicamente el 10

de mayo de 2021, le otorgamos un segundo **término final** de diez (10) días y le apercibimos que, de no comparecer, la queja sería referida al Pleno de este Tribunal para la acción correspondiente, lo cual podía incluir la severa sanción de la suspensión de la profesión. Nuevamente, el término concedido transcurrió y la licenciada Malavé Haddock no compareció.

## 2. AB-2020-0097

En el 2016, el Sr. Ángel M. González contrató a la licenciada Malavé Haddock con el propósito de realizar una escritura de compraventa, lo cual, según alegó, incluía la presentación del instrumento público en el Registro de la Propiedad. Tras el otorgamiento, intentó comunicarse con la letrada en un sinnúmero de ocasiones por diversos medios y no obtuvo respuesta. Además, corroboró con el Registro de la Propiedad y no se había presentado nada a su nombre. Por tal razón, presentó una queja en la que solicitó que la escritura fuese presentada en el Registro de la Propiedad o que se le entregara una copia certificada.

Ante ello, el 5 de octubre de 2020, le concedimos a la letrada un primer término de diez (10) días para presentar su contestación a la queja. Puesto que no compareció, el 9 de marzo de 2021, le otorgamos un segundo **término final** de diez (10) días y le apercibimos que, de no comparecer, la queja sería referida al Pleno de este Tribunal para la acción correspondiente. Otra vez, el término transcurrió sin que la licenciada Malavé Haddock compareciera.

### 3. AB-2020-0001

El Sr. Néstor Alicea Cartagena (señor Alicea Cartagena) fue una de las partes otorgantes de ciertas escrituras de segregación autorizadas en el 2018 por la licenciada Malavé Haddock. Posterior a ello, el promovente intentó contactar a la letrada con el propósito de obtener las copias de las escrituras. Según alegó, se comunicó mediante llamadas telefónicas, la visitó personalmente a la oficina y, en tres (3) ocasiones, visitó la residencia del padre de la licenciada Malavé Haddock. Adujo que, pese a las gestiones realizadas, no ha podido comunicarse con la letrada. Por tal razón, el señor Alicea Cartagena presentó una queja contra la licenciada Malavé Haddock.

Por consiguiente, le concedimos a la letrada dos (2) términos de diez (10) días para presentar su contestación a la queja y, en la segunda instancia, le advertimos que, de no comparecer, la queja sería referida a la OPG para la investigación y presentación del correspondiente informe. Puesto que no compareció dentro del término, la queja fue referida a la OPG.

Así las cosas, el 23 de marzo de 2021, la OPG cursó una carta a la licenciada Malavé Haddock en la que le requirió que contestara la queja en el término de siete (7) días. En respuesta, el 31 de marzo de 2021, la licenciada Malavé Haddock compareció y expresó que la controversia ya se había subsanado. Asimismo, adujo que se encontraba recibiendo tratamiento médico, por lo que solicitó el

término de diez (10) días para someter el certificado médico y la evidencia de que cumplió con lo exigido. La OPG le concedió el término solicitado. No obstante, otra vez, el referido plazo transcurrió y la licenciada Malavé Haddock incumplió con el requerimiento de la OPG.

En consecuencia, la OPG nos remitió un informe en el que dispuso que la falta de diligencia y cooperación por parte de la licenciada Malavé Haddock le impidió realizar una investigación completa sobre los méritos de la queja. Ahora bien, concluyó que el incumplimiento con sus requerimientos, así como con las órdenes de este Tribunal, constituía una violación a los Cánones 9 y 12 del Código de Ética Profesional, infra.

Por ello, el 11 de mayo de 2021, le concedimos el término de veinte (20) días a la licenciada Malavé Haddock para que se expresara sobre el informe que nos remitió la OPG. Además, le advertimos que, de no comparecer, se entendería que se allanaba a las recomendaciones formuladas en el informe. Transcurrido el término sin que compareciera, decretamos que la licenciada Malavé Haddock se allanó al informe de la OPG.

**4. AB-2019-0260**

En el 2015, el Sr. Luis Cruz Castro y la Sra. Ana A. Solá López, de 80 y 79 años, respectivamente, contrataron a la licenciada Malavé Haddock con el propósito de gestionar la corrección de un remanente de terreno. Alegaron que, eventualmente, adelantaron la cantidad de mil doscientos

cincuenta dólares ($1,250.00) por concepto de honorarios, setenta y ocho dólares ($78.00) para los sellos, así como toda la documentación requerida por la letrada. Desde entonces, intentaron comunicarse para conocer el estatus del caso, lo cual resultó infructuoso en la mayoría de las ocasiones. Lo anterior, con excepción de una instancia en la cual la licenciada Malavé Haddock les expresó que el caso ya lo tenía un Juez de Caguas y que el Municipio ya había culminado el trámite correspondiente.

Los promoventes señalaron que, luego del huracán María, la licenciada Malavé Haddock les indicó que les llamaría para la vista, mas ello no ocurrió. No obstante, expresaron que, posteriormente, le entregaron doscientos veinticinco dólares ($225.00) a la licenciada Malavé Haddock para la publicación de ciertos edictos para poder cerrar el caso. Los promoventes alegaron que nunca vieron ni recibieron evidencia de la publicación de tal edicto.

En consecuencia, pasaron por la oficina de la licenciada Malavé Haddock y se percataron de que estaba vacía. Tras varios intentos de comunicación, la letrada les informó que se estaría mudando, pero no les indicó la dirección de la nueva oficina. Así las cosas, tras otro intento fallido de localizar físicamente a la licenciada, acudieron directamente al tribunal de Caguas. Allí, advinieron en conocimiento de que no surgía ningún caso radicado a nombre de éstos.

Los promoventes alegan que, tras una reunión en el 2019, la licenciada Malavé Haddock aceptó que no había realizado ninguna gestión sobre el asunto, pero que ésta se comprometió a presentar todos los documentos el 4 de octubre de 2019. No obstante, dado a que el 3 de diciembre de 2019 los promoventes consultaron con el tribunal y corroboraron que el caso no se había presentado, presentaron una queja.

A raíz de ello, le concedimos a la letrada dos (2) términos de diez (10) días para presentar su contestación a la queja y, en la segunda instancia, le advertimos que, de no comparecer, la queja sería referida a la OPG para la investigación y presentación del correspondiente informe. Puesto que el término transcurrió y la licenciada Malavé Haddock no compareció, referimos la queja a la OPG.

El 23 de marzo de 2021, la OPG cursó una carta a la licenciada Malavé Haddock en la cual le requirió que contestara la queja en el término de siete (7) días. El 31 de marzo de 2021, la licenciada Malavé Haddock compareció y expresó que la controversia ya se había subsanado. Asimismo, expresó que se encontraba recibiendo tratamiento médico, por lo que solicitó el término de diez (10) días para someter el certificado médico y la evidencia de que cumplió con lo exigido. No obstante, el referido plazo transcurrió y la licenciada Malavé Haddock, nuevamente, incumplió con el requerimiento de la OPG.

Por consiguiente, la OPG nos remitió un informe en el que dispuso que la falta de diligencia y cooperación por

parte de la licenciada Malavé Haddock le impidió realizar una investigación completa sobre los méritos de la queja. Ahora bien, concluyó que el incumplimiento con sus requerimientos, así como con las órdenes de este Tribunal constituía una violación a los Cánones 9 y 12 del Código de Ética Profesional, infra.[2]

Así las cosas, el 27 de abril de 2021, le concedimos a la licenciada Malavé Haddock el término de veinte (20) días para que se expresara sobre el informe que nos remitió la OPG. Además, le advertimos que, de no comparecer, se entendería que se allanaba a las recomendaciones formuladas en el informe. Transcurrido el término sin que compareciera, decretamos que la licenciada Malavé Haddock se allanó al informe de la OPG.

## 5. AB-2019-0207

En el 2015, el Sr. Luis A. Vázquez Guardarrama (señor Vázquez Guardarrama) asumió la hipoteca de un bien inmueble mediante una escritura pública autorizada por la licenciada Malavé Haddock. Éste expresó que la letrada le instruyó a entregar una copia de la escritura al Banco, de modo que la institución financiera adviniera en conocimiento de que él era el nuevo propietario y quien continuaría con el pago del préstamo hipotecario.

---

[2]La recomendación de la OPG se basó estrictamente en la negativa de la licenciada Malavé Haddock en cooperar con el proceso investigativo y no tomó en consideración los méritos de la queja en la que se alegaron violaciones a los Cánones 9, 12, 18, 19, 20, 23, 35 y 38 del Código de Ética Profesional, infra.

Así las cosas, en el 2019, el Banco le informó al señor Vázquez Guardarrama que el bien inmueble se encontraba en medio de un proceso de ejecución, por lo que no aceptarían más pagos sobre la propiedad. Lo anterior, toda vez que la institución financiera ejecutó una cláusula que prohibía la venta a terceros sin autorización previa del Banco.

El señor Vázquez Guardarrama alegó que, tras advenir en conocimiento de lo notificado por el Banco, intentó comunicarse con la licenciada Malavé Haddock mediante llamadas telefónicas, mensajes de textos, correos electrónicos, visitas a la oficina notarial, y ninguno de estos métodos rindió frutos. En consecuencia, presentó una queja en la que, en síntesis, arguyó que la licenciada Malavé no le informó de tal cláusula y que tampoco la hizo constar en la escritura.

Por tales hechos, este Tribunal le concedió a la licenciada Malavé Haddock dos (2) términos de diez (10) días para presentar su contestación a la queja y, en la segunda instancia, le advertimos que, de no comparecer, la queja sería referida a la ODIN para la acción correspondiente. Transcurrido en exceso el plazo concedido sin que la letrada compareciera, este Tribunal refirió la queja a la ODIN.

Tras ello, la ODIN rindió un informe. Particularmente, concluyó que la licenciada Malavé Haddock incurrió en múltiples violaciones a la Ley Notarial, _supra_, y a los Cánones de Ética Profesional, _infra_. Por tal razón, la ODIN

recomendó la suspensión de manera inmediata e indefinida de la licenciada Malavé Haddock del ejercicio de la notaría.

Al recibir el informe, el 13 de febrero de 2020, emitimos una primera resolución en la que le concedimos un término de veinte (20) días a la licenciada Malavé Haddock para que se expresara. **En esa ocasión, le advertimos que, de no comparecer, tomaríamos una determinación sin el beneficio de su comparecencia.** Otra vez, tras haber transcurrido el término sin que la letrada compareciera, el 26 de marzo de 2021, emitimos una segunda resolución en la que le **ordenamos que mostrara causa por la cual no debía ser suspendida de la abogacía por incumplir con la resolución con fecha del 13 de febrero de 2020, en violación de lo estatuido por el Canon 9** del Código de Ética Profesional, <u>infra</u>. No obstante, la licenciada Malavé Haddock no compareció.

## II

### A.

Sabido es que desatender nuestras órdenes y apercibimientos es incompatible con la práctica de la profesión, ya que constituye una violación al Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, y menoscaba nuestro poder inherente de regular la profesión jurídica. <u>In re Cintrón Rodríguez</u>, 2020 TSPR 115, pág. 5 (citas omitidas). Ello, máxime cuando tales órdenes o apercibimientos surgen como resultado de un procedimiento

disciplinario. In re Carmona Rodríguez, 2021 TSPR 50, pág. 3 (citas omitidas).

De igual forma, hemos expresado que dicha responsabilidad no se limita sólo a las órdenes emitidas por este Tribunal, sino que se extiende a los requerimientos de nuestros brazos operacionales que intervienen en el proceso disciplinario, tales como la ODIN y la OPG. In re Alers Morales, 204 DPR 515, 519 (2020) (citas omitidas). Así pues, el abogado o la abogada que incumpla una orden de este Tribunal o desatienda los requerimientos de la ODIN o de la OPG, viola el mandato expreso del Canon 9 del Código de Ética Profesional, supra. Íd. (citas omitidas).

Consecuentemente, hemos sido tajantes al concluir que el incumplimiento con el Canon 9 puede ser motivo para suspender al abogado o a la abogada del ejercicio de la profesión. In re Alers Morales, supra, págs. 519-520 (citas omitidas). "Ello es así pues desatender los requerimientos realizados en el curso de un procedimiento disciplinario denota indisciplina, desobediencia, displicencia, falta de respeto y contumacia hacia las autoridades, y revela una gran fisura del buen carácter que debe exhibir todo miembro de la profesión legal". In re Jiménez Meléndez, 198 DPR 453, 457 (2017) (citas omitidas). Adviértase que esta violación ética es completamente independiente de los méritos que pudiera tener la queja ética presentada contra el abogado o la abogada.

**B.**

Por otro lado, la desatención de nuestras órdenes también infringe el Canon 12 del Código de Ética Profesional, supra. Ello, pues, el Canon 12 impone el deber de "tramitar la causa de acción de manera puntual y responsable, en particular cuando se trata de un proceso disciplinario. . .". In re Carmona Rodríguez, supra, pág. 4 (citas omitidas). En ese sentido, los abogados y las abogadas están obligados a cumplir estrictamente con las órdenes judiciales, quedando, en caso de incumplir o no responder diligentemente, sujetos a sanciones disciplinarias por tal incumplimiento. In re Bermúdez Tejero, 2021 TSPR 8, pág. 5 (citando a In re Villalba Ojeda, 193 DPR 966, 974 (2015)). "Así, el Canon 12, supra, ha servido como fundamento para exigirle a los abogados que respondan con rapidez los requerimientos relacionados con quejas presentadas en su contra por conducta profesional". In re Bermúdez Tejero, supra, (citando a In re Villalba Ojeda, 193 DPR 966, 974 (2015)).

Por consiguiente, reiteradamente hemos concluido que tal actuación, por sí sola, puede conllevar graves sanciones disciplinarias. In re Bermúdez Tejero, supra, pág. 5 (citando a In re López Santiago, 199 DPR 797, 810 (2018)).

Al amparo de la normativa jurídica expuesta, evaluaremos la conducta exhibida por la licenciada Malavé Haddock.

**III**

Según explicado, la licenciada Malavé Haddock no ha cumplido con nuestras reiteradas órdenes, las cuales, a su vez, están relacionadas a su desatención con los requerimientos de la ODIN y la OPG.

De entrada, no albergamos duda de que la licenciada Malavé Haddock incurrió en un craso incumplimiento con los postulados de los Cánones 9 y 12 del Código de Ética Profesional, supra. En cada uno de los casos, la Secretaría de este Tribunal requirió en dos (2) ocasiones que la letrada contestara las quejas, sujeto al apercibimiento que, de no hacerlo, sería referida al Pleno de este Tribunal, a la ODIN o a la OPG. A pesar de ello, la licenciada Malavé Haddock hizo caso omiso y no cumplió con lo requerido.

La falta de diligencia y cooperación provocó que, en dos (2) instancias, la investigación sobre los méritos de la queja no pudiera ser completada por la OPG. Por ello, coincidimos con los informes de la OPG, los cuales concluyeron que este patrón de incumplimiento constituye una transgresión a los preceptos éticos instruidos en los Cánones 9 y 12 del Código de Ética Profesional, supra.

Como reseñamos, una (1) de las quejas fue referida a la ODIN, quien determinó que la licenciada Malavé Haddock incurrió en múltiples faltas a la Ley Notarial, supra, y violaciones a distintos Cánones de Ética Profesional,

supra. Por tal motivo, la ODIN recomendó la suspensión inmediata e indefinida de la letrada. Así las cosas, el 13 de febrero de 2020, le ordenamos que se expresara y que, de no hacerlo, tomaríamos una determinación sin el beneficio de su comparecencia. Como cuestión de hecho, la licenciada Malavé Haddock no compareció. Por consiguiente, el 26 de marzo de 2021, emitimos una segunda resolución y le ordenamos que mostrara causa por la cual no debía ser suspendida de la abogacía por incumplir con la resolución previa emitida por este Tribunal el 13 de febrero del 2020, en violación de lo estatuido por el Canon 9 de Ética Profesional, supra. Nuevamente, la licenciada Malavé Haddock incumplió con nuestra orden.

Por otro lado, la licenciada Malavé Haddock tampoco corrigió las deficiencias arancelarias y sustantivas de la obra protocolar dentro del término que le concedió este Tribunal al suspenderla del ejercicio de la notaría mediante la Opinión Per Curiam. A pesar de que le advertimos que su incumplimiento podía desencadenar en que fuese referida al Tribunal de Primera Instancia por desacato civil, la licenciada Malavé Haddock, otra vez, incumplió.

Indiscutiblemente, el cuadro descrito evidencia un incumplimiento voluntario, reiterado y con pleno conocimiento, de nuestras órdenes y de los requerimientos de nuestros brazos operacionales, por parte de la licenciada Malavé Haddock. Ello constituye una violación a los Cánones 9 y 12 del Código de Ética Profesional, supra. Ante tal

patrón de desobediencia, nos vemos obligados a suspenderla inmediata e indefinidamente de la práctica de la abogacía. Asimismo, se le refiere a un procedimiento de desacato civil ante el Tribunal de Primera Instancia, Sala Superior de San Juan, por su incumplimiento a lo ordenado en la Opinión Per Curiam de 9 de febrero de 2021.

## IV

Por los fundamentos que anteceden, suspendemos inmediata e indefinidamente a la Lcda. Wilma A. Malavé Haddock del ejercicio de la abogacía. Como consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualesquiera honorarios recibidos por trabajos no realizados. Además, se le impone la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes.

A su vez, deberá acreditar a este Tribunal el cumplimiento con lo aquí ordenado, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión Per Curiam y Sentencia. No hacerlo pudiera conllevar que no se le reinstale a la práctica de la profesión legal de solicitarlo en un futuro.

Por otra parte, se refiere a la Sra. Wilma A. Malavé Haddock a un proceso de desacato civil en el Tribunal de Primera Instancia, Sala Superior de San Juan.

Por último, se ordena el archivo administrativo de las Quejas Núm. AB-2021-0034, AB-2020-0097, AB-2020-0001, AB-2019-0260 y AB-2019-0207, hasta tanto dispongamos otra cosa.

Notifíquese esta Opinión <u>Per Curiam</u> y Sentencia a la Sra. Wilma A. Malavé Haddock.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Wilma A. Malavé Haddock                TS-15,501

SENTENCIA

En San Juan, Puerto Rico, a 28 de junio de 2021.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se suspende inmediata e indefinidamente a la Lcda. Wilma A. Malavé Haddock del ejercicio de la abogacía. Como consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualesquiera honorarios recibidos por trabajos no realizados. Además, se le impone la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes.

A su vez, deberá acreditar a este Tribunal el cumplimiento con lo aquí ordenado, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión Per Curiam y Sentencia. No hacerlo pudiera conllevar que no se le reinstale a la práctica de la profesión legal de solicitarlo en un futuro.

Por otra parte, se refiere a la Sra. Wilma A. Malavé Haddock a un proceso de desacato civil en el Tribunal de Primera Instancia, Sala Superior de San Juan.

Por último, se ordena el archivo administrativo de las Quejas Núm. AB-2021-0034, AB-2020-0097, AB-2020-0001, AB-2019-0260 y AB-2019-0207, hasta tanto dispongamos otra cosa.

Notifíquese esta Opinión <u>Per Curiam</u> y Sentencia a la Sra. Wilma A. Malavé Haddock.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.


                              José Ignacio Campos Pérez
                              Secretario del Tribunal Supremo